| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

LESLIE REDMOND, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
versus § CIVIL ACTION NO. 1:15-CV-70
　　　　　　　　　　　　　　　§
E. KERN, et al., §
　　　　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leslie Redmond, a prisoner formerly confined at FCI Beaumont, proceeding *pro se* and *in forma pauperis*, filed a *Bivens*-type action against defendants Richard Dortch, Donald Hadnot, T. Satcher, D. Spann, and FNU Tenner.[1]

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendants' Motion for Summary Judgment for failure to exhaust administrative remedies be granted (docket entry no. 46).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation (docket entry no. 47). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] *In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an individual's right to recover damages from federal officials for violation of constitutional rights.

After careful consideration, the court finds plaintiff's objections are without merit. The competent summary judgment evidence establishes that plaintiff did not properly exhaust his administrative remedies. As outlined by the Magistrate Judge, the only administrative remedy plaintiff fully exhausted is a June 25, 2015 request which concerned the disciplinary hearing appeal that arose out of the August 1, 2014 interaction with Defendant Hadnot. Specifically, plaintiff complains of the following in his Central Office Administrative Remedy Appeal:

> I'm appealing Incident Report #2612462 DHO Officer Ms. S.L. Lacy, failed to conduct an Impartial Investigation as evidence [sic] by the fact [Lt. D. Hadnot, ignored the BOP's own policy by entering "SHU cell alone with the express intention to commit bodily harm Inmate Redmond was restrained "handcuffed and facing the wall when attacked by Lt. D. Hadnot]. No investigation was done by S.L. Lacy, as to why? was Lt. D. Hadnot, forcing Incompatible Inmates to house with each other in "Special Housing Unit",? Redmond has set forth argument for relief in attachment & addendum of exhibits copies of Incident/DHO Report Appeals. To add insult to injury (excessive force), Redmond has been denied his Fundamental Due Process Rights, as per Title 42 USC § 1997 Institutionalized Persons Act. as evidence [sic] by the fact, The Mid-Atlantic Regional Office Regional Director J.F. Caraway, remanded the incident report to the institution for a rehearing. On December 16, 2014, see response attached dated Jan 30, 2015. However, Redmond has not had a rehearing, see P.S. §5270.09 & CFR § 542.18 Response Time. The Central Office has to concede Redmond's due process rights have been blatantly violated, not to mention to the BOP Employees Standard of Employee Conduct violations, failure to follow Superior orders, see attachment Relief Requested expungement of Record/Incident restoration of GCT and reclassification, immediately.

Plaintiff's Exhibits, pg. 7 (docket entry no. 47); Defendants' Exhibits, pg. 13 (docket entry no. 44-1). This administrative remedy clearly focused on the DHO hearing and the actions of the DHO, and the BOP's response to plaintiff focused solely on the (later expunged) incident report that charged plaintiff with a violation of BOP policies. On August 7, 2014, the BOP received a BP-9 from plaintiff regarding the alleged assault on August 1, 2014. Plaintiff's appeal of this

administrative remedy to the Regional Director was rejected and plaintiff did not further appeal the administrative remedy relating to Defendant Hadnot's alleged actions. There is no mention of defendants Tenner, Satcher, Spann or Dortch in any of these administrative remedies. Plaintiff has not properly exhausted his administrative remedies.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 19th day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE